## LINDSEY-LONG COAL & LUMBER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 11279, 11669.   Decided October 29, 1926.

Reasonable compensation paid to officers of a corporation *held* deductible from gross income.

*Lee C. Bradley, Jr., Esq.*, and *E. L. All, Esq.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

This is a proceeding for the redetermination of deficiencies in income and profits taxes for the years 1920, 1921, 1922, and 1923, in an aggregate amount of less than $10,000. The two appeals, involving different tax years, were, on motion of counsel, consolidated for the purpose of the hearing and decision. The petitioner waives its claim to the deduction of certain bad debts in its income-tax return for 1921, the amount of which was disallowed by the Commissioner, and also its claim to the deduction of $2,400 of the amount deducted as compensation for officers for the year 1922. At the hearing it waived its objection to the determination of the deficiency with respect to the year 1923.

### FINDINGS OF FACT.

The petitioner is an Alabama corporation, organized in May, 1915, with a paid-up capital stock of $5,000, which was later increased to $15,000. In 1916 the petitioner was actively engaged in the retail lumber business. J. E. Lindsey was president and A. R. Long was secretary from its inception to 1923. Lindsey devoted all of his time to the business until January 15, 1922. During that period he was not only the chief executive but also the only salesman, the only collector, and the only buyer of lumber for the petitioner. Long was vice president of a large coal mining company, secured business for the petitioner, which was handled by Lindsey, and

was in frequent touch with Lindsey with respect to the buying and selling policies and with respect to other details of the business. Gross sales for the years 1919 to 1922, inclusive, were as follows:

| | |
|---|---:|
| 1919 | $246, 829. 38 |
| 1920 | 336, 943. 32 |
| 1921 | 320, 607. 45 |
| 1922 | 35, 433. 38 |

The business was sold out to the Scott Lumber Co. on January 15, 1922. The tax returns filed for the years above enumerated show net income as follows:

| | |
|---|---:|
| 1919 | $13, 849. 33 |
| 1920 | 18, 058. 66 |
| 1921 | 9, 735. 89 |
| 1922 | 5, 521. 01 |

The amounts deducted for compensation of officers on the returns were as follows:

| | |
|---|---:|
| 1919 | $2, 775 |
| 1920 | 14, 050 |
| 1921 | 14, 200 |
| 1922 | 6, 400 |

During the years 1920 to 1922, inclusive, the entire stock of the corporation, divided into 150 shares, was owned by J. E. Lindsey, A. R. Long, and P. L. Whiteside. On January 1, 1920, Lindsey owned 51 shares, Long owned 58½ shares, and Whiteside owned the balance. Whiteside's stock was acquired by Lindsey and Long in 1920 and 1921. Long never received any compensation for his services to the company prior to 1920, and Whiteside never received any compensation whatever. Lindsey was paid a salary of $300 per month during the first three months of 1920, and a salary of $350 per month during the last nine months of that year. On December 28, 1920, at a meeting of the three stockholders, he was voted additional compensation in the amount of $6,100, and Long was voted compensation in the amount of $3,900. The corporation was not in funds to pay the additional amounts in cash, and it gave Lindsey and Long notes for the amounts voted, which notes were paid off during the succeeding year. During the year 1921, Lindsey was paid a monthly salary of $350, and at the close of the year additional compensation of $5,000 was voted to Lindsey and an equal amount was voted to Long. These amounts were paid by notes, which notes were paid during the succeeding year.

During the first four months of 1922, Lindsey was paid a salary at the rate of $350 per month, and, during the next six months, at the rate of $100 per month. At the end of the year he was voted

additional compensation of $2,000, which compensation was paid by note, and the note was later liquidated.

The petitioner's books of account were kept upon the accrual basis. They show the payment of only $4,000 as compensation for officers for the year 1922.

Of the amounts claimed as deductions from gross income for compensation of officers, the Commissioner disallowed the deduction of $7,050 for the year 1920, $7,200 for 1921, and $4,200 for 1922. The petitioner admits that $2,400 of the amount disallowed for 1922 was properly disallowed.

OPINION.

SMITH: The amounts of compensation claimed as deductions from gross income in the petitioner's tax returns for 1920, 1921, and 1922, were payments of salaries to officers rendering services to the company during those years. They were not, in our opinion, unreasonable deductions.

During the year 1920, Lindsey and Long each owned approximately one-third of the capital stock of the corporation. During the year 1921 they acquired Whiteside's stock, and at the close of the year they owned all of the stock of the corporation, but in what proportion is not in evidence. We can not make any finding that the amounts paid were in effect distributions of profits. In the light of the record, we can not do otherwise than to find that the salaries paid to officers were ordinary and necessary expenses of doing business, and as such were deductible from gross income.

> *Judgment will be entered on 15 days' notice, under Rule 50.*

TRAMMELL dissents.